David E. Alexander (ISB#: 4489)
RACINE, OLSON, NYE,
BUDGE & BAILEY, CHARTERED
P.O. Box 1391
Pocatello, Idaho 83204-1391
Telephone: (208)232-6101
Fax: (208)232-6109

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSE A. WELLARD,<br><br>　　　Petitioner,<br><br>vs.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, FEDERAL BUREAU OF<br>INVESTIGATION, an agency of the<br>United States Department of Justice,<br>ROBERT MUELLER, in his official<br>capacity as Director of the FBI, and<br>DONALD E. PACKHAM, in his official<br>capacity as Assistant Director,<br>Administrative Services Division of the FBI,<br><br>　　　Respondents. | **Case No. CV-06-260**<br><br>**COMPLAINT** |

COMES NOW the Petitioner, Rose Wellard, in person and by and through undersigned Counsel, and presents this Complaint for judicial review of final orders by the Respondents, and in support of this Complaint respectfully alleges as follows:

**JURISDICTION**

1. The jurisdiction of this Court is based on 28 U.S.C. §§ 1331, 1346, and 1361, and 5 U.S.C. § 552(a)(4)(B), in that the Respondents have made final determinations as to proper Requests by Petitioner for information concerning, and access to, certain files in the possession of

respondents, and said final determinations are reviewable pursuant to 5 U.S.C. §§ 552 and 702 et seq.

## PARTIES

2. Petitioner Rose Wellard is a married woman residing in Pocatello, Idaho, and employed by the Respondent Federal Bureau of Investigation at its facility in Pocatello, Idaho.

3. Respondent U.S. Department of Justice ("USDOJ") is an executive agency of the Government of the United States of America as defined in 5 U.S.C. § 101, and an executive agency for purposes of Title 5 of the United States Code.

4. Respondent Federal Bureau of Investigation is an agency of the USDOJ authorized by act of Congress.

5. Respondent Robert Mueller is named in his official capacity as Director of the Federal Bureau of Investigation.

6. Respondent Donald E. Packham his named in his official capacity as Assistant Director, Administrative Services Division, Federal Bureau of Investigation.

## FACTS

7. Petitioner is an employee of the FBI, employed at the Pocatello Information Technology Center as an Archive Technician since 1988

8. On or about July 19, 2004, Plaintiff was engaged in reviewing an FBI file from a bank robbery investigation which occurred approximately 60 years ago, identified in FBI records as "HQ file 91-5212" (hereinafter, "the file"). Prior to shipment to Pocatello for review, the file had been stored in an FBI warehouse in Virginia. The multiple-volume file was stored and shipped to Pocatello in a box.

9. When the Petitioner opened the box, she noticed a strong, noxious odor which persisted for the entire time she worked with the file. At that time, she became nauseated and developed a hemorrhage in her right eye. She developed a persistent cough within two days of the exposure. Although Petitioner was before this time in excellent health, she became ill immediately upon exposure to this file, and has never recovered her health. She is now partially disabled and extremely limited in her activities.

10. On August 11, 2004, Petitioner, under instructions from the Respondents, transferred the file to the control of Gerald Whitmore, Unit Chief of the Records Management Division at FBI Headquarters. The Respondents indicated to Petitioner that the purpose of the transfer was to have the file tested for harmful substances.

11. Since the date of the incident described above, Petitioner has been under the care of physicians who have been unable to determine the cause of her illness. Petitioner's physicians have requested information concerning the contents of the file for purposes of determining whether they may have caused or contributed to Petitioner's illness.

12. Petitioner has repeatedly requested that Respondents test the contents of the file for the presence of harmful substances or organisms, or make the file available to Petitioner to have it tested. Respondents have provided information to Petitioner suggesting that the file was tested for bacteria and fungal growths in January 2005, with no remarkable results. (See Exhibit A attached hereto). Respondents did not test the file for chemical substances.

13. On or about July 13, 2005, Petitioner submitted a Freedom of Information Act (FOIA) request to the FBI pursuant to FBI regulations, requesting the release of records and information concerning the subject file. (See Exhibit B attached hereto). Respondents have not responded to

Petitioner's FOIA request, in violation of 5 U.S.C. §552 and relevant FBI regulations.

14. On or about August 11, 2005, Petitioner wrote to Respondent Mueller, the Director of the FBI, requesting that the file be released to her for testing. (See Exhibit C attached hereto).

14. Respondents, by letter to Petitioner dated September 22, 2005, from Mary B. Hannagan, Acting Assistant Director of the Administrative Services Division and therefore Respondent Packham's predecessor in office, informed Petitioner that any additional medically relevant testing requested by Petitioner's physicians would be performed at FBI expense. (See Exhibit D hereto).

15. On or about November 23, 2005, undersigned Counsel, on behalf of Petitioner, wrote to Respondent Packham conveying a specific request by Petitioner's physicians that the file be tested for phenol compounds, including but not limited to hydroquinone. (See Exhibit E hereto). The Respondents have not performed the requested tests.

16. Petitioner has consulted with toxicologists at the Oregon Health and Science University Center for Research on Occupational and Environmental Toxicology in Portland, Oregon. On or about February 24, 2006, Dr. Fred Berman and Dr. Peter Spencer provided Petitioner with information on chemicals and contaminants that were possibly present in the subject file that could cause symptoms similar to those experienced by Petitioner. Drs. Berman and Spencer provided specific information on compounds to be tested for, and suggested a laboratory which would be capable of performing the testing. (See Exhibit F hereto).

17. On or about March 3, 2006, undersigned counsel forwarded the information from Drs. Berman and Spencer to Respondent Packham and requested that the indicated testing be performed as soon as possible. (See Exhibit G hereto).

18. On or about May 17, 2006, undersigned counsel wrote to Harold Hendershot, Deputy

Assistant Director, Records Management Division of the FBI, and again requested immediate testing of the file. (See Exhibit H hereto).

19. On or about May 19, 2006, Respondent Packham wrote to undersigned counsel that the file had not been tested as requested because the FBI was waiting for specific instructions from the Petitioner's consultants about how to perform the tests. (See Exhibit I hereto) As stated in Exhibit F, however, the consulting toxicologists had already given instructions that testing procedures were not within their expertise, but within that of a competent analytical laboratory.

20. Undersigned counsel again wrote to Respondent Packham on or about May 26, 2006, and demanded that the subject file be released to the Petitioner so that it could be tested by a competent analytical laboratory. (See Exhibit J hereto).

21. Respondents have not complied with said demand.

22. Petitioner has great need of the requested information in order that her physicians may better determine the cause of her illness, and formulate treatments for it.

23. Petitioner has, at all times relevant hereto, pursued a claim for Worker's Compensation benefits based on her illness and injuries being the result of a work-related incident. Because of her inability to obtain information from the FBI, the Petitioner has been unable to produce evidence tending to show that her illness is the result of the work-related incident. On or about June 5, 2006, Petitioner received a letter from the Office of Workers Compensation Programs giving her 30 days to produce such evidence or face a denial of her claim. (See Exhibit K hereto) Petitioner has requested additional time to respond. As a result, she also has great need of the information in order to preserve her workers' compensation claim.

**FIRST CAUSE OF ACTION (Review of Administrative Action, 5 U.S.C. § 702 *et seq.*)**

24. Respondent realleges and incorporates by reference herein the facts alleged in paragraphs 1 to 23 above.

25. The actions and failures to act of the Respondents described above constitute agency action or inaction within the meaning of 5 U.S.C. § 702.  The individual Respondents named herein acted and/or failed to act as described above in their official capacities, and under color of legal authority, within the meaning of §702.  Petitioner is a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" and is therefore entitled to judicial review thereof pursuant to  § 702.

26. The actions of the Respondents described above constitute final agency action for which there is no other adequate remedy in court, within the meaning of 5 U.S.C. §704, and Petitioner is therefore entitled to judicial review thereof.

27. Petitioner is entitled to an Order in the form of an injunction or a writ of mandamus compelling the Respondents to comply with the Petitioners' requests for access to and testing of the subject file, and for information concerning the file's contents, conditions of storage, preservation treatments and other matters which may have affected the contents of the file.

**SECOND CAUSE OF ACTION (Review of Denial of Freedom of Information Act Request)**

28. Respondent realleges and incorporates by reference herein the facts alleged in paragraphs 1 to 27 above.

29. The Respondents have unlawfully, arbitrarily and capriciously denied the Petitioner's Freedom of Information Act request, Exhibit B hereto, by failing and refusing to comply therewith or even to respond thereto.

30. This Court has jurisdiction to review the Respondents' denial pursuant to 5 U.S.C.

§552(a)(4)(B).

31. Petitioner is entitled to an Order in the nature of an injunction or writ of mandamus compelling the Respondents to produce to the Petitioner all requested information, including the actual files in question, as may be needed to facilitate testing and examination.

## ATTORNEY FEES AND COSTS

Petitioner has been obliged to retain the services of the firm of Racine Olson Nye Budge & Bailey, Chtd., and is entitled to an award of costs and reasonable attorney fees pursuant to 28 U.S.C. §2412(b) and 5 U.S.C. §552(a)(4)(F).

## RELIEF SOUGHT

Wherefore, Petitioner prays that this Court grant judgment in her favor and against Respondents as follows:

A. Issue an Order compelling Respondents to grant Petitioners' requests for access to the subject file, and to provide information relating thereto, for purposes of examination and testing at the expense of the Respondents;

B. Issue an Order compelling the Respondents to comply with Petitioners' Freedom of Information Act request;

C. Award Petitioner her costs and a reasonable attorney fee pursuant to 28 U.S.C. §2412(b) and 5 U.S.C. §552(a)(4)(F);

D. Award such other and further relief as the Court deems just under the circumstances.

DATED this 30thday of June, 2006.

                RACINE OLSON NYE BUDGE &
                  BAILEY, CHTD.

                ___/s/_____

**COMPLAINT – 7**

# VERIFICATION

STATE OF IDAHO )
                       : ss
County of Bannock )

ROSE A. WELLARD, being first duly sworn, depose and says:

That she is the Petitioner herein; that she has read the foregoing document, knows the contents thereof, and that the facts therein stated are true to the best of her knowledge and belief.

_____
Rose A. Wellard

Subscribed AND SWORN TO before me this 29th day of June, 2006.

_____
(SEAL)
DAVID E. ALEXANDER
NOTARY PUBLIC
STATE OF IDAHO

NOTARY PUBLIC FOR IDAHO
Residing at: Pocatello
My commission expires: 6/26/12

COMPLAINT – 8